FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 27, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>      v.<br><br>JOSEPH W. AARNES,<br><br>                  Defendant. | No.   2:19-cr-00038-SMJ-1<br><br>**ORDER DENYING 28 U.S.C. § 2255 MOTION** |

Before the Court, without oral argument, are Defendant Joseph W. Aarnes's construed *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, and related construed motion for appointment of counsel and request to proceed *in forma pauperis*, ECF No. 82. The Government opposes the Section 2255 motion. ECF No. 84. Having reviewed the claims set forth in Defendant's construed motion, the Court finds the relief requested is foreclosed by the waiver of appeal rights Defendant made by entering into the plea agreement in this case. Finding that waiver was made knowingly and voluntarily, the Court concludes Defendant is not entitled to relief and appointment of counsel is not appropriate. The Court therefore dismisses the motion without an evidentiary hearing. *See United States v. Withers*, 638 F.3d

1055, 1062–63 (9th Cir. 2011).

## BACKGROUND

On July 16, 2019, Defendant pleaded guilty to the sole count of the Information Superseding Indictment for possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j), 924(a)(2). ECF No. 37. Defendant did so pursuant to a plea agreement. ECF No. 35. The plea agreement provided a limited right to appeal if the Court imposed a sentence greater than 84 months. *Id.* at 8. However, Defendant waived his right to file a post-conviction collateral attack motion, except one based on a claim of ineffective assistance of counsel. *Id.*

According to the Pre-Sentence Investigation Report, Defendant's base offense level was calculated as 22, with a criminal history category of VI, resulting in an advisory range of 92 to 115 months. ECF No. 51. Defendant did not object to the Probation Officer's calculation. ECF No. 48. On January 28, 2020, the Court sentenced Defendant to ninety-two months' imprisonment. ECF No. 65. The Judgment was affirmed on appeal. ECF No. 80.

In light of the Ninth Circuit's recent decision in *United States v. Bautista*, 989 F.3d 698 (9th Cir. 2021), Defendant now challenges the enhancement applied to his base offense level for prior conviction of a "controlled substance offense." *See* ECF No. 82.

//

ORDER DENYING 28 U.S.C. § 2255 MOTION – 2

## LEGAL STANDARD

Under Section 2255, a prisoner in custody for a federal sentence may move the sentencing court to vacate, set aside, or correct the sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The Court must liberally construe a *pro se* § 2255 motion. *Orona v. United States*, 826 F.3d 1196, 1199 (9th Cir. 2016); *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).

## DISCUSSION

**A.     Motion to Vacate, Set Aside, or Correct Sentence**

Defendant's sentence was imposed after he pled guilty pursuant to a plea agreement he entered into with the Government. *See* ECF No. 35. Pursuant to that plea agreement, Defendant agreed to the following provision:

> The Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his right to appeal his conviction, but reserves the right to appeal the sentence if one of the following occurs: 1) the Court imposes a sentence above 84 months; or 2) the Court applies a specific offense characteristic or adjustment not contemplated by the parties. The Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, *including a motion pursuant to 28 U.S.C. § 2255*, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court

imposes the sentence.

*Id.* at 8 (emphasis added). Upon independent review of the motion and the record in this matter, the Court finds this waiver of the right to appeal or collaterally attack the judgment or conviction forecloses Defendant's attempted collateral attack here.

A criminal defendant who enters into a plea agreement with the Government may agree, by doing so, to prospectively waive his right to appeal or collaterally attack his sentence or judgment. *United States v. Watson*, 582 F.3d 974, 986 (9th Cir. 2009). Such an appeal waiver is, however, only valid to the extent it is "knowingly and voluntarily made." *Id.* (quoting *United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004)). At Defendant's change of plea hearing and pretrial conference on July 16, 2019, the Court engaged in a full plea colloquy with Defendant after telling him:

> I want to make sure that you understand sort of what my responsibilities are here and I'll explain what your responsibilities are. First, I don't accept a guilty plea by anybody unless I'm convinced that they are intending to do this freely and voluntarily that, they understand the consequences of their actions, they understand their rights, and so I'm going to ask you as series of questions to get to that point.

Tr., July 16, 2019, Pretrial Conference. Defendant indicated he understood. *Id.* He also indicated he had discussed the document with his attorney and understood the document. *Id.* Further, Defendant indicated that he

ORDER DENYING 28 U.S.C. § 2255 MOTION – 4

understood his limited right to appeal, essentially limited to claims of ineffective assistance of counsel. *Id.* The Court then accepted Defendant's guilty plea. *See* ECF No. 37.

Defendant's only argument, liberally construing his motion, that his waiver does not apply here, is that the Ninth Circuit's decision in *Bautista* had not yet issued at the time of his plea or sentencing. *See* ECF No. 82 at 1. But a subsequent change in the sentencing guidelines does not render the sentence unconstitutional, and, more to the point, does not undermine Defendant's waiver. *See United States v. Johnson*, 67 F.3d 200, 202 (9th Cir. 1995) ("The fact that a defendant did not foresee the specific issue that he now seeks to appeal does not place the issue outside the scope of the waiver."). In view of this and Defendant's testimony during the change-of-plea hearing, the Court is satisfied, as it was then, that Defendant knowingly and voluntarily pled guilty and entered the plea agreement, including its appeal waiver provision.

In light of the waiver of Defendant's right to file a Section 2255 motion—a right he knowingly and intelligently waived before this Court—the Court concludes the motion and the files and records of the case show that Defendant is entitled to no relief. Accordingly, the Court denies the motion.

//

B.     **Motion for Appointment of Counsel**

Courts may "provide counsel for any financially eligible person" seeking relief under Section 2255 whenever "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Here, however, Defendant has shown that he has ability to articulate his claims, and it is clear from the record that relief is not warranted. Accordingly, the Court declines to appoint counsel in this matter.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Joseph W. Aarnes's construed *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, and related construed motion for appointment of counsel, **ECF No. 82**, are **DENIED** and **DISMISSED**.

2. All pending case management deadlines are **TERMINATED** and all pending motions are **DENIED AS MOOT**.

3. The Court certifies that Defendant has failed to make a substantial showing of a constitutional deprivation because reasonable jurists could not debate whether the motion should be resolved in a different manner. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). A certificate of appealability is therefore **DENIED**.

//

//

1  //

2  //

3        **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order,

4  enter judgment, provide copies to Defendant, and close the file.

5        **DATED** this 27th day of June 2022.

6

7        _____
      SALVADOR MENDOZA, JR.

8        United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

ORDER DENYING 28 U.S.C. § 2255 MOTION – 7